IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Thomas Evans, | )<br>)<br>) |
| Petitioner, | )<br>)<br>) No. 5:12-cv-3053-RMG |
| vs. | )<br>) |
| Warden McCall, | ) **ORDER**<br>) |
| Respondent. | )<br>)<br>)<br>) |

Petitioner Thomas Evans, a state prisoner at Lee Correctional Institution in Bishopville, South Carolina, filed this matter *pro se* pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Petitioner argues that his guilty plea to the offence of armed robbery was "rendered involuntary" because he believed at the time that, if he pleaded guilty to that charge, the State would not seek a sentence of life without parole on his other pending charges. (*Id.* at 5). He seeks to have his sentence vacated.

## Background

Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) DSC, this case was assigned to a Magistrate Judge. On February 21, 2013, Respondent Warden McCall moved for summary judgment on the twin grounds that this petition was filed outside the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), 28 U.S.C. § 2244(d)(1), as well as that the petition failed on its merits. (Dkt. No. 28). Petitioner opposed summary judgment. (Dkt. No. 36).

On May 10, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Respondent's motion for summary judgment be granted and this petition

dismissed with prejudice. (Dkt. No. 39). The Magistrate Judge concluded that Petitioner was entitled to equitable tolling under the standard set forth in *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549 (2010), such that AEDPA's one-year limitation period would not bar his petition. (*Id.* at 13). Nevertheless, the Magistrate Judge determined that this case did not fulfill the requirements under 28 U.S.C. § 2254(d) for granting habeas relief. (*Id.* at 17). Petitioner filed no objections to the R&R. Respondent, however, objected to the Magistrate Judge's conclusion that equitable tolling was appropriate. (Dkt. No. 46).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). While the Court is required to make a *de novo* determination on those portions of the R&R to which specific objection has been made, *id.*, it need not give any explanation for adopting the R&R in the absence of such objections, *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Respondent moves for summary judgment. Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (stating that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts"). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am.*

*Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). Further, in reviewing this matter, the Court is mindful of its charge to construe liberally the pleadings of this *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

## Discussion

Addressing Respondent's objection to the R&R, the Court concludes that equitable tolling is not appropriate in this case. Equitable tolling applies to the statute of limitations in section 2254 proceedings. *See, e.g., Holland*, 130 S. Ct. at 2560. In order for equitable tolling to be extended, however, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (citation omitted). As the Fourth Circuit has explained, "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Though the August 27, 2009, dismissal of Petitioner's original application for post-conviction relief, ("PCR"), was by all accounts erroneous, it is clear that Petitioner was aware of that error at the time and did not attempt to cure it. Upon that dismissal, only thirty-four days remained for Petitioner to timely file his section 2254 petition. (Dkt No. 39 at 12).[1] Nonetheless, Petitioner waited 443 days to file his second PCR application. (*Id.* at 13). Apart from the original error itself, though, he has not shown any "extraordinary circumstance" that actually "stood in his way and

---

[1] For purposes of determining whether equitable tolling should be extended, Petitioner is expected to have been aware of this fact. *See United States v. Oriakhi*, 394 F. App'x 976, 977 (4th Cir. 2010) (noting that a petitioner's "unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling" (citations omitted)).

prevented [him from] timely filing" his section 2254 petition. *Holland*, 130 S. Ct. at 2562 (citation omitted). Nor has he offered any evidence showing that he was "diligently" pursuing his rights during that 443 day period. *Id.* He has thus not met his burden with respect to either prong of the standard under which equitable tolling may be extended. Absent equitable tolling, his petition is untimely under 28 U.S.C. § 2244(d)(1).

Further, even assuming equitable tolling might have been appropriately extended here, the Court accepts and adopts the Magistrate Judge's analysis as to the merits of this petition. (Dkt. No. 39 at 14–18). As the Magistrate Judge explained, Petitioner has failed to satisfy the requirements, set forth under 28 U.S.C. § 2254(d), for receiving habeas relief. The Court therefore concludes that Respondent is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## Conclusion

For these reasons, the Court ADOPTS the "merits" section of the Magistrate Judge's Report and Recommendation, (Dkt. No. 39 at 13–18), GRANTS Respondent Warden McCall's motion for summary judgment, (Dkt. No. 28), and DISMISSES this petition with prejudice.

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336

(2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
June 13, 2013