IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Thomas Evans, | ) |
| Petitioner, | ) |
| vs. | ) No. 5:12-cv-3053-RMG |
| Warden McCall, | ) ORDER |
| Respondent. | ) |

Petitioner Thomas Evans, a state prisoner at Lee Correctional Institution in Bishopville, South Carolina, filed this matter *pro se* pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Petitioner argues that his guilty plea to the offence of armed robbery was "rendered involuntary" because he believed at the time that, if he pleaded guilty to that charge, the State would not seek a sentence of life without parole on his other pending charges. (*Id.* at 5). He seeks to have his sentence vacated.

## Background

Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) DSC, this case was assigned to a Magistrate Judge. On February 21, 2013, Respondent Warden McCall moved for summary judgment on the twin grounds that this petition was filed outside the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), 28 U.S.C. § 2244(d)(1), as well as that the petition failed on its merits. (Dkt. No. 28). Petitioner opposed summary judgment. (Dkt. No. 36).

On May 10, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Respondent's motion for summary judgment be granted and this petition

dismissed with prejudice. (Dkt. No. 39). The Magistrate Judge concluded that Petitioner was entitled to equitable tolling under the standard set forth in *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549 (2010), such that AEDPA's one-year limitation period would not bar his petition. (*Id.* at 13). Nevertheless, the Magistrate Judge determined that this case did not fulfill the requirements under 28 U.S.C. § 2254(d) for granting habeas relief. (*Id.* at 17). Respondent objected to the Magistrate Judge's conclusion that equitable tolling was appropriate, (Dkt. No. 46), and Petitioner also submitted objections, (Dkt. No. 50).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," and is required to make a *de novo* determination on those portions of the R&R to which specific objection has been made. 28 U.S.C. § 636(b)(1).

Respondent moves for summary judgment. Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (stating that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts"). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). Further, in reviewing this matter, the Court

is mindful of its charge to construe liberally the pleadings of this *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

## Discussion

Having reviewed the record, the R&R and the parties' objections to the R&R, the Court concludes that equitable tolling is warranted in this case. Equitable tolling applies to the statute of limitations in section 2254 proceedings. *See, e.g., Holland*, 130 S. Ct. at 2560. In order for equitable tolling to be extended, however, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (citation omitted). As the Fourth Circuit has explained, "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

The August 27, 2009, dismissal of Petitioner's original application for post-conviction relief, ("PCR"), was by all accounts erroneous. (Dkt. Nos. 29-1 at 69, 36, 46). In his objections, Petitioner contends that he twice contacted the state court judge who erroneously dismissed his original PCR application but received no response. (Dkt. No. 50 at 2–3). On December 17, 2010, he filed his second PCR application and explained that, because he "had two separate charges" pending, his first PCR had been dismissed erroneously. (Dkt. No. 29-1 at 72). Only after the filing of his second PCR did Petitioner retain counsel, who then more fully developed his explanation of the state court's error. (*Id.* at 77–83, 90–91). The state court judge addressed Petitioner's second PCR application on its merits, denying it. (Dkt. No. 39 at 2–9). The remittitur on the second PCR application issued on October 22, 2012, and Petitioner filed this petition the following day. (*Id.* at 10).

On this record, equitable tolling is appropriate. Petitioner has averred that he, acting without counsel, more than once attempted to contact the state court judge who erroneously dismissed his original PCR application. Not receiving a response, he filed *pro se* a second PCR application. The day after remittitur issued on that second PCR application, Petitioner filed this action. It is certainly arguable, then, that he "pursu[ed] his rights diligently" during the period between the erroneous denial of his original PCR application and the filing of this petition. *Holland*, 130 S. Ct. at 2562. Further, given that Petitioner apparently twice tried unsuccessfully to call the error to the attention of the state court, the Court finds that his reliance on the State to correct its mistake inhibited his timely filing of a section 2254 petition. *Id.* In short, this appears to be one of those "rare instances where—due to circumstances external to the party's conduct—it would be unconscionable to enforce the limitation period . . . ." *Harris*, 209 F.3d at 330. The Court therefore finds it worth equitably tolling the one-year statute of limitations under 28 U.S.C. § 2244(d)(1), such that this section 2254 petition can be addressed on its merits.

Doing so, however, does not lead to habeas relief being granted here. As the Magistrate Judge explained, Petitioner has failed to satisfy the requirements, set forth under 28 U.S.C. § 2254(d), for receiving habeas relief. (Dkt. No. 39 at 14–18). Insofar as Petitioner contests this conclusion in his objections, the Court reiterates the deference owed to the state PCR court's determination that trial counsel's testimony was credible and the Petitioner's testimony was not. *See Wilson v. Ozmint*, 352 F.3d 847, 858–59 (4th Cir. 2003). The Court thus accepts and adopts the Magistrate Judge's analysis as to the merits of this petition, and concludes that Respondent is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## Conclusion

For these reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation, (Dkt. No. 39), GRANTS Respondent Warden McCall's motion for summary judgment, (Dkt. No. 28), and DISMISSES this petition with prejudice.

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
June 18, 2013